IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY LINSTON GILLILAN,          :
                                   :
            Plaintiff              :
                                   :
                                   :
VS.                                :          **1 : 05-CV-80 (WLS)**
                                   :
DR. DEWAYNE AYERS,                 :
                                   :
                                   :
            Defendant.             :
_____

## RECOMMENDATION

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

### Background

The plaintiff filed his complaint in June 2005, claiming that he had not received treatment for his hepatitis C condition while confined at Calhoun State Prison.  He names as a defendant Dr. Dewayne Ayers, a doctor employed by the Medical College of Georgia and assigned to Calhoun State Prison.  In his statement of claim, the plaintiff states that "I had a liver bio. in 2004 at Augsta [sic] State Medical Prison, while being held at Phillips State Prison; I was told after the liver bio. I could start the treatment for hepatitis C - that could save my life.  Upon arriving at Calhoun, all I get are excuses.  My rights are violated for proper medical treatment."

### Standard of review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  In his motion for summary judgment, Dr. Ayers argues that the plaintiff has failed to establish deliberate indifference to his medical needs, that he cannot present any evidence of deliberate indifference , and that he examined the plaintiff and "provided appropriate treatment and care for Hepatitis C."  In support of his motion, the defendant has submitted his affidavits, wherein he states in pertinent part that

> I examined Inmate Gregory Linston Gillilan and I have provided appropriate treatment and care for Hepatitis C.  Inmate Gregory Linston Gillilan was provided timely and appropriate medical care.
>
> The standard treatment for Hepatitis C is Pegasys and ribavirin.  Mr. Gillilan has received 48 does of Pegasys and twice daily doses of ribavirin for approximately eleven months.  In addition, Mr. Gillilan has had a very good response to the treatment.
>
> On July 21, 2005, after a careful discussion with Inmate Gillilan regarding potential side effects associated with treatment for Hepatitis C, Inmate Gillilan's Hepatitis treatment began.  Predicated

on Inmate Gillilan's weight of 70 kg, doses of Pegasys 180 mcg per week and ribavirin 600 mg in the morning and ribavirin 400 mg in the afternoon.  Mr. Gillilan has received 48 does of Pegasys and twice daily doses of ribavirin for approximately eleven months.  In addition, Mr. Gillilan has had a very good response to the treatment.

Ayers affidavits at ¶¶ 2.[1]

Based on these affidavits, the only evidentiary support for defendant's motion, the defendant asserts that "the record is now replete with instances of medical treatment - of the most sophisticated nature - being provided to Plaintiff in a proper and timely manner."  Ayers brief at p. 2.  The defendant also argues that the plaintiff failed to exhaust his administrative remedies, but offers no evidentiary support for this contention.  The plaintiff was provided with additional time in which to respond to the defendant's additional affidavit testimony, yet he has failed to file any additional response.

In his original response to the defendant's summary judgment motion, the plaintiff provides a notarized statement and copies of grievances filed in March and June 2005.  The plaintiff contends that he was denied treatment for his liver condition between December 2004, when his liver biopsy was performed, until some time in July 2005.  It is not clear as to when the plaintiff arrived at Calhoun State Prison.  Treatment for the plaintiff's Hepatitis C condition was apparently started following the initiation of this lawsuit in June 2005.

Although the plaintiff apparently alleges that he was harmed by the delay in treatment for his Hepatitis C condition, he has failed to provide any actual evidence of this harm.  "[D]elay in

---

[1]At the court's direction, defendant Ayers filed additional affidavits in support of his summary judgment motion, following the court's finding that the motion for summary judgment as originally filed did not provide the court with an adequate basis upon which to base a recommendation regarding the plaintiff's claims.

medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay."  Hill v. DeKalb RYDC, 40 F.3d 1176, 1189 (11th Cir. 1994).  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  Id. at 1188.  The court notes that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect, the best obtainable, or even very good'".  Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (citations omitted). Although the plaintiff cites to the case of Steele v. Shah, 87 F.3d 1266 (11th Cir. 1996), a case in which a prisoner plaintiff's deliberate indifference claim involving a suspension of previously prescribed medication survived a summary judgment motion, the plaintiff herein has presented no medical evidence or other evidentiary support for his contention that the treatment for Hepatitis C had been prescribed and the delay in delivery of this treatment exacerbated his condition or caused him further injury.  The plaintiff in Steele presented evidence, that if found credible by the trier of fact, showed that medical personnel contacted personnel at the prisoner's new place of confinement and informed them of the prisoner's risk of suicide and need for certain psychotropic medications.

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  It is further recommended that plaintiff's "Motion for Judgment" be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

4

**SO RECOMMENDED**, this 1st day of August, 2006.


 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb